HYMAN M. RAMBACH and Others, Appellants, *v.* HEIGHTS THEATRES, INC., Respondent.

First Department, November 3, 1933.

*Joseph D. Karp* of counsel [*Thomas & Friedman,* attorneys], for the appellants.

*Louis D. Frohlich* of counsel [*Nathan Burkan,* attorney], for the respondent.

UNTERMYER, J. The plaintiffs appeal from an order granting the defendant's motion for an examination of the plaintiffs before trial to establish allegations of an affirmative defense and counterclaim contained in the answer. The plaintiffs maintain that the examination should not have been allowed because the defense and counterclaim are insufficient in law and the defendant, apparently also desirous that this question be determined, does not dispute the propriety of presenting it on this appeal.

The action is for rent under a lease, dated January 12, 1925, a copy of which is annexed to the complaint, for a term of twenty-one years beginning December 1, 1925, and ending November 30, 1946. The complaint alleges that the defendant entered into possession of the premises under the lease, but failed to pay rent and taxes for a part of the month of December, 1931, and for the months of January to December, 1932, inclusive. It is alleged that on February 5, 1932, the defendant removed from the premises. The complaint further sets forth that pursuant to the terms of the

lease the plaintiffs received the sum of $25,000 from the defendant as security for the performance by the defendant of all the terms, covenants and conditions thereof and that under the provisions of the lease this security is a lien against the premises. The plaintiffs, having applied the security against the rent and taxes due under the lease, seek a declaratory judgment that neither the defendant nor any one claiming under it has any lien upon or any right in the premises by reason of the lease or by reason of any security deposited thereunder. They further demand that the lease be surrendered and canceled of record.

The affirmative defense and the counterclaim which were challenged on the motion, admit the execution of the lease annexed to the complaint, but assert that by failing to segregate the deposit of $25,000 and by mingling it with their own funds, the plaintiffs have converted this security. The defendant accordingly demands judgment against the plaintiffs for the sum of $25,000 as well as for the foreclosure of the lien created in its favor by the lease.

The question upon which depends the determination of the appeal is whether the security constituted a trust fund which the plaintiffs were required to retain intact or whether the relation of the parties as to the security was that of debtor and creditor. We think that question must now be regarded as settled by recent decisions, which have established that, in the absence of indications in the lease to the contrary, the relation of the parties is that of debtor and creditor. (*Mendelson-Silverman, Inc.,* v. *Malco Trading Corp.*, 238 App. Div. 852; affd., 262 N. Y. 621; *Levinson* v. *Shapiro*, 238 App. Div. 158; *Jahmes Co., Inc.,* v. *Propper*, Id. 326.) Here the lease is devoid of any suggestion that the security shall be held in trust or in escrow, but on the contrary it merely provides that " said amount is paid to the landlord by the tenant as security for the faithful performance by the tenant of all the terms, covenants, conditions and provisions herein contained and on its part to be performed." The fact that it provides for repayment of the security to the tenant upon erection by the tenant of a building of the character described in the lease, is without significance in determining the intention of the parties. That provision served only to accelerate repayment of the security to the tenant if the building was constructed, but it did not otherwise change the relations of the parties with respect to the security.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.