MALLORY ASSOCIATES, INC., Plaintiff, *v.* BARVING REALTY CO., INC., et al., Defendants.

Supreme Court, Special Term, New York County, November 29, 1948.

*Nathan Frankel* for defendants.

*Harold Gilbert* for plaintiff.

EDER, J. Motion to dismiss complaint on the ground that it does not state facts sufficient to constitute a cause of action is granted. This is an action in conversion.

It is alleged plaintiff deposited the sum mentioned in the complaint as security for the faithful performance by plaintiff, as tenant, of its obligations under the lease, and that the defendants commingled said sum with their personal funds and wrongfully and unlawfully used and converted and appropriated the same.

The lease is not annexed to the complaint, nor are the provisions set forth concerning the deposit of the security, nor the rights of the parties with respect to its keeping or use. Nor are the provisions set forth as to the plaintiff's obligations under the lease, nor any allegation that plaintiff has duly performed all its obligations under the lease.

The action is, apparently, predicated on section 233 of the Real Property Law, which relates to money deposited or advanced for use or rental of real property as security for performance of the contract. This provision can only be applicable with respect to real property located in this State and can have no extra-territorial effect. This provision is declaratory of the public policy of this State; other States may adopt a different declaration of public policy.

The rights of the parties under the lease are governed by the law of the State where the demised premises are situated (*Galland* v. *Shubert Theatrical Co.*, 105 Misc. 185; *Genet* v. *President, etc., of Delaware & Hudson Canal Co.*, 13 Misc. 409, revd. on other grounds, 2 App. Div. 491; 13 C. J., Contracts, p. 256, § 28; 35 C. J., Landlord and Tenant, p. 1174, § 459).

There is no allegation that the demised premises are located in this State. The allegation is merely of " certain " real property, more particularly mentioned and described " in the said lease ".

The briefs of defendants state, and it is not disputed, that the property demised under the lease is located in the State of Virginia. The fact that the agreement was made in this State would not change the situation nor the rule of law applicable.

There is no allegation as to the law of Virginia with respect to such deposit of security, if there is such a law.

Although not strictly relevant, it is stated in defendants' brief, and not disputed, that paragraph " 6 " of the lease, quoted therein verbatim, provides that the landlord shall have the right to use said moneys deposited as security toward the purchase of the leased premises.

For the purposes of the disposition of the motion I shall assume the allegations as to conversion and appropriation to be sufficient, but the complaint is nonetheless defective in failing to set forth the terms of the lease in the respects mentioned, in the omission to allege due performance by plaintiff and in the failure to set forth where the leased premises are located. Whether section 536 of the Real Property Law — actions relating to real property situate without the State — affords plaintiff any aid, I do not pass upon; it is a matter that may become relevant if a proper complaint is served.

Leave to serve an amended complaint within twenty days is granted. Settle order.