Felix C. Benvenga, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review a determination retiring petitioner, a member of the police department, on attaining the age of 63, and to direct his reinstatement to active duty, so that he may attain eligibility for payment of benefits under the Federal Old-Age and Survivors Law (see U. S. Code, tit. 42, § 401 et seq.-, hereinafter referred to as the Federal Old-Age Law).
Concededly, when petitioner, on April 7,1958, attained the age of 63 years, he was mandatorily placed on retirement pursuant to section 434a-21.0 of the Administrative Code of the City of New York, which, so far as pertinent, provides that no member of the police force who attains the age of 63 years “ shall continue to serve as a member of such force but shall be retired and placed on the pension rolls of the department ”.
The question presented is whether it was the intention of the Legislature, in enacting section 113-a of the Retirement and Social Security Law (L. 1957, ch. 1050), to suspend the pro *970 visions of section 434a-2l.O of the Administrative Code so that petitioner and others similarly situated might have the opportunity to attain eligibility for the payment of benefits under the then recently enacted Federal Old-Age Law.
As originally enacted, section 113-a, so far as pertinent, provided: “ In the Case of persons who have not attained eligibility for the payment of benefits under the federal old-age and survivors insurance law, the provisions of any general, special or local law * * relating to employment by the state or a municipality or to membership in any public pension or retirement system maintained by any of them which require or authorize the termination of service or retirement of any public employee dr member of any such system, without his application or consent, on account of his attaining a specified age of sixty-five years or more, are hereby suspended so that terminations of service ór retirements thereunder may not be required to become effective until such eligibility for the payment of benefits under the federal old-age and survivors insurance law has been attained dr before June thirtieth, nineteen hundred fifty-eight ”. (Emphasis supplied.)
Specifically, the problem is whether the Legislature intended section 113-a to apply only to those public employees who would be required to retire on account of attaining the age of “ sixty-five years or more ” between June, 1957 (the eft. date of the statute) and June, 1958 (the terminal date of the statute) ; or whether the section was intended to apply to all public employees Who would be required to retire on account of attaining retirement age between those dates, so as to assure to all stich public employees eligibility for the payment of benefits under the Federal Old-Age Law.
The cardinal rule in the construction of a statute is to ascertain the intent of the Legislature in enacting it and give effect thereto. To ascertain the legislative intent, consideration is to be given to the history of the statute, the circumstances surrounding its enactment, the policy of the State in enacting it, and, above all, the spirit and reason of the law. It is to be borne in mind that a thing which is within the letter of a statute is not Within the statute, unless it is within the spirit and reason of the statute and the intention of the Legislature in enacting it. (Biggs v. Palmer, 115 N. T. 506, 509-510): “ for the letter killeth, but the spirit giveth life ” (2 Cor., 3, 6). In other words, the letter of a statute is not to be slavishly followed when it leads away from the true intent and purpose of the Legislature or leads to conclusions inconsistent with the general purpose of the statute Or to consequences irreconcilable with its spirit and reason (Black, Interpretation of Laws [2d ed.], 66-68, 285-289).
*971 In the first place, the declared policy of the State is that all public employees, State as well as local, are entitled to the “ basic protection ” provided by the Federal Old-Age Law, and that such protection should be extended “ to as many such employees as possible, regardless of whether they are or are not members of any public pension or retirement systems maintained by the state or any of its political subdivisions ” (Retirement and Social Security Law, §§ 130-a, 138-a, added by L. 1957, ch. 776).
In line with this policy, the Governor, in a special message to the Legislature, recommended adoption of legislation “ to suspend temporarily ’ ’ State and local laws requiring the retirement because of age of those public employees who would otherwise be obliged to retire shortly before they would become eligible for the payment of benefits under the Federal Old-Age Law (N. Y. Legis. Doc., Extraordinary Sess., 1957, No. 55). So, in approving the bill, the Governor expressed the opinion that it would “ assure ” to all public employees who would be obliged otherwise to retire before they would enjoy its advantages “ an opportunity to acquire eligibility for social security benefits in accordance with the plan which is now being placed in operation throughout the state ” (Extraordinary Sess., 1957).
It would seem, therefore, that the intention of the Legislature in enacting section 113-a was to suspend until June, 1958, the provisions of section 434a-21.0 of the Administrative Code requiring compulsory retirement of members of the police force on attaining the age of 63 years, so that they might attain eligibility for the payment of benefits under the Federal Old-Age Law.
As for the construction for which respondents contend, it suffices to say that it is based upon the strict letter of the statute rather than its spirit and purpose. Why should a member of the police force be required to retire at 63 years without the benefit of the protection afforded by the Federal Old-Age Law when judges, teachers, and others who are compelled to retire after 65 years or more are given that protection?
It is true that the age of 65 years is specified in section 113-a. Whether that age is mentioned because it is the retirement age specified in the Federal Old-Age Law (see U. S. Code, tit. 42, § 416), or because it is the normal age of retirement, is immaterial. The fact seems to me that the designation of that age was entirely inadvertent. This is demonstrated by the circumstance that, shortly after the enactment of section 113-a (see L. 1958, ch. 964), the words, “ on account of his attaining age of compulsory retirement ”, were substituted in place of “on account of Ms attaining a specified age of sixty-five years or *972 more”. (Italics supplied.) By thus amending section 113-a, the Legislature unequivocally manifested that its intention was to suspend temporarily and until June, 1958, the provisions of all State and local laws requiring termination of service or retirement on account of age, including section 434a-21.0 of the Administrative Code, and thus assure to all public employees approaching mandatory retirement age between June, 1957, and June, 1958, the basic protection provided by the Federal Old-Age Law. While this construction placed upon the statute by the Legislature itself, by a subsequent act, cannot control the judgment of the courts, it is, of course, entitled to great weight and consideration in the case of doubt and obscurity (People ex rel. Steckler v. Warden, 259 N. Y. 430, 433-434; Black, op. cit., 306-307).
The petition is in all respects granted.
Settle order.