Alex Salotollo, J.
This summary holdover proceeding is instituted pursuant to section 8 (subd. [gg], par. [1]) of the Business Bent Law (L. 1945, ch. 314, as amd.). Substantially, the facts are undisputed. The tenant originally occupied the premises in question in 1944 under a two-year written lease and is now in possession as a statutory tenant. On December 10, 1957 the landlord transmitted by registered mail to the tenant an offer to enter into a lease pursuant to subdivision (gg) (par. [1]) of section 8 to commence January 1, 1958 and to terminate on June 30,1958. The tenant does not dispute that such an offer was made and that it was not accepted. There was offered into evidence the original lease between the parties covering the same premises, dated August 8, 1944, the proposed new lease, and a copy of the registered letter and return receipt.
The tenant seeks dismissal of the petition on the grounds that the proffered lease was not on substantially similar terms and conditions as the existing tenancy between the parties and that the proffered lease was not a lease as contemplated by the section (supra).
The tenant has failed to show wherein the proffered lease is not “ on substantially similar terms.” The only evidence in the record relating to this issue consists of the proffered lease and the lease of 1944 between the parties, both leases being marked in evidence. In the absence of further evidence the court read both the leases in their entirety and finds that they are the standard printed form of store lease of the Beal Estate Board of New York, Inc., and that the proffered lease is plainly “ on substantially similar terms ” as the expired lease. There is no requirement in the law that the proffered lease be on identical terms.
Of greater import and weight is the tenant’s contention that the lease tendered is not the lease contemplated by the statute; i.e. that proper and full statutory .compliance of subdivision (gg) (par. [1]) of section 8 by a landlord required the tender of a two-year lease to a statutory tenant. In support of his defense the tenant argues that since the landlord tendered a lease for a term of six months and not for a term of two years it was not in compliance with the statute, and argued further that to rule otherwise would be placing an unreasonable, illogical and ridiculous interpretation upon the statute. The full text of the statute involved is as follows: ‘1 The landlord on or after June first, nineteen hundred fifty-six, offers to enter into a lease with a tenant in possession of a store under an expired lease or tenancy or as a monthly or statutory tenant for a term to commence on the first day of the month next succeeding the twentieth *780 day after the mailing of such offer as hereinafter provided and to expire on June thirtieth, nineteen hundred fifty-eight, at a rental in the same amount as the emergency rent with respect to the store occupied by the tenant and otherwise on substantially similar terms and conditions as existing with respect to such tenancy not inconsistent with any of the provisions of this act, and such offer is transmitted by the landlord to the tenant by registered mail, and such tenant fails, neglects or refuses to execute such lease within such period of twenty days, and a further period of six months elapses subsequent to such failure, neglect or refusal of the tenant; or ”.
The court is asked to construe the language of the enactment to mean that a tender of a lease for a term of two years was required for compliance. Presumably the tenant is attempting to read into the statute a recommendation made by the Temporary State Commission to Study Bents and Bental Conditions at the time of the enactment of the statute (1956). An examination of the circumstances surrounding the enactment of the 1956 enactment reveals that the commission acknowledging the desirability of gradually achieving decontrol, in its 1956 report to the Legislature as far as is here pertinent recommended as follows (N. Y. Legis. Doc., 1956, No. 57, p. 12): “ The landlords of statutory store tenants will be authorized to offer a lease to such tenants on substantially the same terms, for a period of at least two years ”. Following this report the 1956 statute was enacted.
While the report says that the offered lease must be ‘ ‘ for a period of at least two years ”, the -statute plainly and clearly says that the offer to enter into a lease must be made “ on or after June first, nineteen hundred fifty-six” and “ for a term to commence on the first day of the month next succeeding the twentieth day after the mailing of such offer * * * and to expire on June thirtieth, nineteen hundred fifty-eight ”.
It is true that in the construction of a statute it is necessary to ascertain the intention of the Legislature enacting it, and to ascertain such intention consideration is to be given to the legislative reports and recommendations leading to and the circumstances surrounding the enactment (Matter of Kiley v. Kennedy, 16 Misc 2d 969); however, resort to such extrinsic evidence may be had only where the intent and extent of the statute are left doubtful by its own language. Where legislative language is clear there is no occasion for examination into extrinsic evidence to discover legislative intent, and only where legislative language is ambiguous is the consideration of extrinsic evidence warranted (see New York Ambassador v. *781 Board of Stds. & Appeals of the City of N. Y., 114 N. Y. S. 2d 901, revd. 281 App. Div. 342, affd. 305 N. Y. 791; see, also, Mallory Associates v. Barving Realty Co., 194 Misc. 565, affd. 275 App. Div. 804, revd. 300 N. Y. 297). Where the language of the statute is unambiguous and the words are plain and clear resort to other means of interpretations is not permitted (Matter of Stannard v. Browne, 204 Misc. 33).
Although the statute here as enacted is inconsistent with the commission’s report, it is plain to this court that the language of the statute is in and of itself clear and unambiguous.
Accordingly, upon the conceded and undisputed facts the court finds the proffered lease to be in substantially the same terms and conditions as existed in the tenancy between the parties, and that the said lease was tendered in compliance with the statute, and that the tenant failed, neglected and refused to execute said lease within 20 days after the mailing thereof, and a further period of six months has elapsed since the tenant’s failure, neglect and refusal to execute the said lease. For the above reasons the court finds that the premises at issue are decontrolled.
Final order in favor of landlord. Stay March 1, 1959.