In the Matter of the Claim of GEORGE DEXTER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by the claimant from a determination of the Unemployment Insurance Board which found claimant ineligible for benefit rate increase subsequent to March 31, 1958. Claimant, a truck mechanic, filed for unemployment insurance benefits June 17, 1957 and he qualified for the maximum benefits of $36 per week and established his benefit year from June 24, 1957 to June 22, 1958. Later during that period he went off benefits and then refiled April 14, 1958, which was still within the benefit year. Subsequent to March 31, 1958, he requested his rate be increased $2 per week as the result of a new law increasing rate benefits. (See Labor Law, § 590, subd. 1, as amd. by L. 1958, ch. 387.) If the claimant qualified, he would be entitled to $38 per week for all benefits accruing after March 31, 1958. The question with which we are concerned is the effective date of the new law. Section 22 (L. 1958, ch. 387) provides: "Section twelve of this act shall take effect on the first Monday after this act is signed but shall, notwithstanding the provisions of subdivision seven of section five hundred ninety in effect prior thereto, apply retroactively with respect to benefit years which began on and after July first, nineteen hundred fifty-seven." We think the intendment of the Legislature must be derived from the interpretation of the statute itself unless because of ambiguity it is found necessary to resort to extraneous material. Social legislation requires a liberal interpretation in determining its intent and purpose. Legislation had been pending for such benefit increase since the 1957 session of the Legislature and on three different occasions, for reasons with which we are not concerned, failed to be enacted into law. When it did become effective, the new benefit rate provision started March 31, 1958, the first Monday as designated in section 22. The majority of the Appeal Board in denying increased benefits to the claimant did so on the theory that no increases could be given during his benefit year which commenced prior to July 1, 1957. That the latter date was intended to apply only

to retroactive benefits is demonstrated by taking the pertinent part of section 22 as follows: "Section twelve [new benefit schedule] * * * shall take effect on the first Monday [March 31, 1958] * * * *but shall* * * * *apply retroactively* with respect to benefit years which began on and after July first, nineteen hundred fifty-seven." (Emphasis supplied.) Claimant does not ask for any retroactive benefits. This seems to us a fair and unambiguous reading of the section. The new benefits were effective March 31 but retroactive benefits were controlled as of July 1, 1957. The Executive and Legislative branches of the government had recognized the need for more than a year of increased benefits and it cannot be fairly said that when the law became effective, it was for the purpose of denying benefits to those who qualified during that year. To construe the statute otherwise under these circumstances would be a prolonged hardship and injustice and contrary to the rules of statutory construction. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 146, p. 222.) We have recently decided a somewhat similar increased benefit section involving the Workmen's Compensation Law. (*Matter of De Concilus* v. *Juney Juniors,* 9 A D 2d 17.) Accordingly, we here determine that the new benefits under the Unemployment Insurance Law became effective as of March 31, 1958 to those claiming benefits thereunder as of that date. Decision of the board is reversed, with costs to the claimant-appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.