Johh W. Sweeny, J.
The facts of this case present the court with what appears to be a situation not previously passed upon.
The City of New York acquired the riparian interests of plaintiffs in condemnation proceedings brought pursuant to title K of chapter 41 (presently ch. 51) of the Administrative Code of the City of New York, commonly Imown as “ Water Supply Act.”
The Commissioners of Appraisal awarded plaintiffs damages and additional sums for expenses and disbursements. This award was later confirmed by Special Term, and an order was entered in the Orange County Clerk’s office.
The city appealed this determination to the Appellate Division which reduced the amount of the various awards.
Plaintiffs then filed a notice of appeal to the Court of Appeals.
Subsequently, the City of New York elected to pay plaintiffs the amounts due as specified by the Appellate Division and the city’s warrants were accepted by plaintiffs with the “understanding ’ ’ that such acceptance would in no way prejudice plaintiffs’ rights to claim additional interest to which they felt they were entitled.
That the city had the power to prematurely pay such money even though an appeal was pending goes undisputed, section K51-23.0 of the “ Water Supply Act ” contemplating such payment by providing for mutual reimbursement in the event a higher court alters a lower court’s decision.
Plaintiffs then instituted this action seeking to recover additional interest on the awards from the City of New York.
The City of New York now moves for an order dismissing plaintiffs’ complaint as being premature because the ultimate *814 amount of compensation due plaintiffs has not yet been determined by the Court of Appeals.
Plaintiffs cross-move for summary judgment and request this court to assess the additional interest demanded.
Thus the primary question to be decided is whether a separate action can be maintained to fix the amount of interest due on a judgment while an appeal is pending, such appeal having been instituted by the plaintiffs in the collateral action.
CPLE 5519 (subd. [a], par. 1) states as follows: “ (a) Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where: 1. the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state ”.
This section was activated in favor of the City of New York when it appealed to the Appellate Division from the order of confirmation. Thus plaintiffs could not have enforced the judgment of Special Term until a determination by the Appellate Division.
By filing a notice of appeal to the Court of Appeals, plaintiffs activated CPLE 5519 (subd. [e]) which continued the stay in favor of the city.
Therefore, assuming no advance tender had been made by the city, plaintiffs could do nothing to enforce their judgment until the Court of Appeals rendered a decision.
The court feels that the exercise by the city of its discretion under the “ Water Supply Act ” in making preliminary payment to plaintiffs did not cause the city to waive any of its rights under the CPLE. A contrary conclusion would certainly result in the city refusing to make similar payments in the future causing unnecessary hardship and would not carry out the obvious legislative intent of that statute.
The Court of Appeals may well modify or reverse entirely the determinations of the lower courts thereby rendering any decision by this court null and void. It would lead to needless effort on the part of all concerned to prepare and try the issues which upon review may be found not to exist.
It should be noted that the Court of Appeals may even grant plaintiffs the same relief they now seek if it is so disposed, whether or not requested.
Furthermore, if it were swayed by plaintiffs ’ arguments, this court would be placed in the position of granting plaintiffs a *815 money judgment which would be unenforceable upon entry, because of the mandates of CPLB 5519. Such a result must be avoided.
Furthermore, the court takes issue with the propriety of commencing a separate action seeking the assessment of interest on a judgment.
The law is well settled that the court granting judgment retains power to add interest even after the term of court at which the verdict was entered has expired. (McLaughlin v. Brinckerhoff, 222 App. Div. 458 [1928].)
Interest on a judgment has no independent existence from the judgment upon which it is predicated and cannot be the basis for a new and separate action which seeks to modify either the amount, or the rate of interest previously awarded.
If plaintiffs were dissatisfied with the interest as awarded by the court granting judgment, application should have been made to the court for modification of the judgment, or, in the alternative, plaintiffs could have raised the issue on appeal if they so chose.
It was noted in Lesjac Realty Corp. v. Mulhauser (43 Misc 2d 439, 440): ‘ ‘ Interest is compensation for the use of money. Interest will result only from a status which is in the nature of a debtor and creditor relationship whereby the amount involved is known or reasonably ascertainable by the parties affected. The interest must be an integral part of the debt. (Chester v. Jumel, 125 N. Y. 237.) ”
Accordingly, the motion to dismiss the complaint is granted. Plaintiffs’ cross motion is denied.