George M. Carney, J.
This action was submitted to the court upon an agreed statement of facts.
Plaintiffs as of the commencement of the action for a declaratory judgment and coercive relief were or had been members of the police force of the Police Department of the City of New York and all were members of Police Pension Fund, Article 1, formed and regulated under sections B18-1.0 through B18-10.0 of title B of the Administrative Code of the City of New York.
Section 434a-21.0 of the Administrative Code provided in substance that no member of the police force who was eligible for pension and who attained the age of 63 years would continue to serve as a member of the force but would be retired and placed on the pension rolls.
By chapter 1002 of the Laws of 1966 the Legislature enacted subdivision j of section B 18-4.0 of the Administrative Code which provides for full pay for members of Police Pension Fund, Article 1, who have completed 35 years of public service. The main thrust of plaintiffs’ argument herein is that in enacting this latter section providing for full pay after 35 years, the Legislature did not intend to exclude from the benefit thereof those who attained the age of 63 years prior to completing 35 years of service.
Defendants did not, however, so construe the legislative intent and continued forced retirements of members of the force at age 63. Plaintiffs seek a declaration that the actions of the defendants in interpreting and implementing the provisions are invalid and unconstitutional, that any of plaintiffs who have served in excess of 34 years be deemed to have served 35 years, and further seek a direction compelling the defendant Police Commissioner to reinstate those plaintiffs already mandatorily *260 retired pursuant to the 63-year provision of section 434a — 21.0 so that they may complete 35 years of service so as to qualify for full pay or, in the alternative, that the defendant Board of Trustees of the Police Pension Fund, Article 1, recompute the pensions of those plaintiffs so mandatorily retired to a prorata share of full salary according to the number of years each individual had rendered, to wit, 31/35, 32/35, 33/35 or 34/35 as the ease may be.
The court initially observes that subsequent to the commencement of this action, section 434-a-21.0 of the Administrative Code was amended by Local Laws of 1971, No. 66, December 22, 1971 to provide: “ Notwithstanding the provisions of this section or of any other section of law, any member who shall not have completed 35 years of creditable city service within the meaning of § B18-4.0, subdivision j, hereof, prior to attaining the age of 63 years, may continue to serve as a member until he shall have completed such 35 years of creditable city service. ’ ’ This action is therefore moot as to those plaintiffs who are still members of the force as of the effective date of the amendment.
Plaintiffs rely on the case of Matter of Kiley v. Kennedy (16 Misc 2d 969) to sustain their position regarding the question of legislative intent at hand. In Kiley, the court was presented with a situation where the Legislature in enacting section 113-a of the Retirement and Social Security Law (L. 1957, ch. 1050) specifically suspended until June 30, 1958 the provisions of any general, special or local law which required compulsory retirement or authorized termination without consent of public employees who attained the age of 65 years or more, so that they might qualify for the payment of benefits under the Federal Old Age and Survivors Insurance Law. The petitioner, a veteran high-ranking police officer, was compelled to retire, however, on April 7, 1958 on reaching the age of 63 years, by virtue of section 434a-21.0 of the Administrative Code which mandated retirement at attaining the age of 63 years. The court directed the reinstatement of petitioner so that he might qualify for the Federal old age benefits.
In Kiley, however, the court was presented with a situation where consideration of the history of the statute and the circumstances surrounding its enactment led to the clear conclusion that it was the intention of the Legislature to provide all public employees with an opportunity to qualify for social security benefits before being obliged .to retire, and that designation of the age 65 was inadvertent. Moreover, any possible question in that regard was dispelled at the very next session of the *261 Mate Legislature when section 113-a of the Retirement and Social Security Law was amended by chapter 964 of the Laws of 1958 and the words “ on account of his attaining age of compulsory retirement ” were substituted in place of “on account of his attaining a specific age of sixty-five years or more ”.
In the case at bar, neither the intent nor extent of the statute - is left doubtful by its own language. It must be assumed that the Legislature in enacting the 35-year full-pay statute was aware of rather than in ignorance of the existing local law mandating retirement at age 63. Moreover, there has been no offer of proof by plaintiffs by way of legislative records or supporting memoranda which would indicate a contrary legislative intent nor, as in Kiley, was theré án unequivocal manifestation of intention by prompt subsequent action of the State Legislature itself. It appears reasonable to assume that the Legislature envisioned no greater .benefit than that expressed,-, i.e., to confer additional benefits upon those members of the force who completed 35 years of service. The court may neither read into the statute what the Legislature intended should be left out nor amend the statute by inserting words that are not there (Oneida Nat. Bank & Trust Co. of Utica v. Manikas, 10 Misc 2d 671).
It is the further contention of the plaintiffs that the action of the defendants constitutes a breach of the contractual relationship established by section 7 of article V of the Constitution of the State of New York and is violative of the equal protection and due process clauses of the iConsti'tution.
This further contention is without merit. It is long settled that section 434a-21.0 of the Administrative Code of the. City of New York violates no constitutional provision, is not a pension law and that the enactment was within the power of the city under the City Home Rule Law (Humbeutel v. City of New York, 125 N. Y. S. 2d 198, affd. 283 App. Div. 1011, affd. 308 N. Y. 904).
A similar contention to that raised by plaintiffs herein was -rejected in Gorman v. City of New York (280 App. Div. 39, 45, affd. 304 N. Y. 865) where the court stated: “ The contractual nature of membership in a pension system does not also freeze public employment into unchangeable status. That a member’s benefits in a pension system may not constitutionally be impaired does not also give fiim a constitutional right to stay-in public employment. To do this would place the regulation of public employment beyond the control of any authority, and the New York Constitution cannot be read in this sense.”
The court holds that the plaintiffs have failed to sustain- the burden cast upon them to establish that the actions of the defend *262 ants in implementing section 434-a-21.0 and subdivision j of section B18-4.0 of the Administrative Code are contrary to legislative intent, invalid or violative of plaintiff’s contractual pension rights or of their rights under, the due process or equal protection clauses of the Constitution.
Therefore judgment is rendered in favor of the defendants declaring that defendants have acted in a lawful and reasonable manner in accordance with section 434a-21.0 and subdivision j of section B18-4.0 of the Administrative Code of the City of New York.