Edward J. Greenfield, J.
This application raises, inter alia, the question of whether or not a stay of enforcement of an order of this court directed by the Appellate Division pending its determination of an appeal therefrom is automatically continued when an appeal as of right is taken from the latter’s determination affirming such order.
Petitioner initiated this proceeding to obtain a stay of the arbitration commenced against it by respondent and the latter *1016 cross-moved, for an order compelling arbitration. Petitioner’s application was denied and the parties were directed to proceed to arbitration. An appeal was taken and petitioner sought and obtained an order from the Appellate Division, dated August 21, 1975, staying the arbitration pending determination of the appeal. Although the stay was conditioned upon petitioner’s perfecting its appeal within certain time limits, it appears that these conditions were fully complied with.
The order of this court was affirmed by the Appellate Division on December 16, 1975, one Justice dissenting on a question of law. Thereafter, following respondent’s service by mail on December 17, 1975 of notice of entry of the order of affirmance, petitioner, on December 22, 1975, served and filed its notice of appeal to the Court of Appeals.
By this application petitioner seeks an order: (1) declaring that, upon the foregoing facts, and by virtue of the express provisions of CPLR 5519 (subd [e]), the stay of arbitration contained in the Appellate Division’s August 21, 1975 order is still in effect and continues pending final determination of its second appeal to the Court of Appeals, (2) directing respondent and the American Arbitration Association (AAA) to comply with such stay, and (3) adjudging respondent and the AAA to be in contempt by reason of their deliberate disregard of the stay provision contained in the August 21, 1975 order. In the alternative, and in the event such stay is deemed to have expired, petitioner seeks a further stay, de novo, pursuant to the provisions of CPLR 5519 (subd [c]), the section which gives this court the authority to pass upon petitioner’s application in the first instance.
Petitioner contends that by virtue of the provisions of CPLR 5519 (subd [e]), 2103 (subd [b], par 2) and section 25-a of the General Construction Law, the stay directed by the Appellate Division was automatically continued until December 26, 1975, i.e., until several days following the date on which its appeal to the Court of Appeals was taken. CPLR 5519 (subd [e]) entitled "Continuation of stay” provides: "If the judgment or order appealed from is affirmed or modified, the stay shall continue for five days after service upon the appellant of notice of the entry in the court to which the appeal was taken of the order determining the appeal. Where an appeal is taken from such an order, the stay shall continue until the final *1017 determination of that appeal.” Specifically, petitioner contends that the five-day continuation period provided for in the first sentence of CPLR 5519 (subd [e]) commenced to run on December 17, 1975 (the date of respondent’s service of notice of entry of the order determining the appeal), was extended three additional days by virtue of the provisions of CPLR 2103 (subd [b], par 2) (since such service was by mail), and was extended for another additional day by virtue of section 25-a of the General Construction Law (since the last day of the three-day extension fell on a public holiday). Consequently, it is urged, since its appeal to the Court of Appeals was taken on December 22, 1975 (i.e., well within the effective period of the stay as continued by the statutory provisions afore-mentioned) the second sentence of CPLR 5519 (subd [e]) then became operative to further continue the stay without lapse until final determination of that appeal.
There can be no doubt that petitioner’s appeal to the Court of Appeals was taken "as of right” (see CPLR 5601, subd [a], par [i]) and. its claim to the effect that it has fulfilled the statutory requirements for "taking an appeal” (see CPLR 5515, subd 1) to that court is uncontroverted. Respondent argues, however, that the provisions of CPLR 5519 (subd [e]) were intended to apply only to those specific classes of cases enumerated in subdivisions (a) and (b) of said section where automatic stays may be obtained upon the initial appeal, without an order of the court, upon the posting of an undertaking. In support of this argument, it points to the following comment from the 1959 Third Preliminary Report of the Advisory Committee on Practice and Procedure (NY Legis Doc, 1959, No. 17, p 422): "The second sentence of this subdivision is derived from the last sentence of section 161 [of the Civil Practice Act], which precludes an action on an undertaking on an appeal to an intermediate court, while another undertaking is in effect to cover a subsequent appeal to the Court of Appeals. The provision has been generalized to cover subsequent appeals to the Appellate Division from an appellate term or to the United States Supreme Court from the Court of Appeals. Since enforcement of the judgment is stayed by the second undertaking, and a suit on the first undertaking is also stayed under the present provision, both parties are protected. The proposed subdivision accomplishes the objective more directly, however, by providing that the same undertaking will stay enforcement during both appeals. It thus avoids *1018 the problem which arises under present law where different sureties are used, each of whom demands collateral.”
While it is evident from the foregoing comment that the primary purpose of the CPLR’s draftsmen in proposing the enactment of subdivision (e)’s second sentence was to make it clear that, contrary to former practice, a second undertaking would not be required to secure a stay of enforcement upon a second or subsequent appeal, it is by no means clear that the Legislature’s intention in enacting such provision was limited exclusively to such purpose. Such extrinsic aids to construction should generally be resorted to only where there is ambiguity in the statute itself (Matter of Dexter, 11 AD2d 835; Maidman v Roth, 17 Misc 2d 778). Moreover, there is substantial authority to the effect that a general statutory provision "may, and frequently does, originate in some particular case or class of cases which is in the mind of the legislature at the time, but, so long as it is expressed in general language, the courts cannot, in the absence of express restrictions, limit its application to those cases, but must apply it to all cases that come within its terms and its general purpose and policy” (People ex rel. McClelland v Roberts, 148 NY 360, 368; Matter of Di Brizzi [Proskauer], 303 NY 206, 214).
CPLR 5519 is clearly a remedial statute principally designed to simplify the procedures for obtaining stays of execution pending appeals by consolidating into a single section all of the former Civil Practice Act provisions relevant thereto (see Fifth Preliminary Report of Advisory Committee on Practice and Procedure, NY Legis Doc, 1961, No. 15, p 810), and, in many instances, by clarifying and broadening such provisions (see Second Preliminary Report of Advisory Committee on Practice and Procedure, pp 331-338 [1958]). Accordingly, it should be liberally construed so as to spread such beneficial intent as widely as possible (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 321). Its first two subdivisions contain provisions for securing stays without' a court order and its third subdivision sets forth provisions for securing stays by court order. In the cases provided for in paragraphs 1, 4 and 5 of the first subdivision, as well as in the case of court ordered stays, undertakings are not required. The fourth subdivision simply provides, in substance, that the undertaking given on the first appeal secures both the original judgment or order appealed from as well as the subsequent orders affirming same *1019 on appeal. The fifth subdivision (subd [e]), dealing with the continuation of stays, both by reason of its placement in the statute, i.e., in a separate subdivision following the respective subdivisions treating stays obtained by, and those obtained without, court orders, and because of its broad and unqualified language, seems clearly to have general applicability to both categories of stays. Similarly, it purports to make no distinction between stays obtained with, and those obtained without, the giving of undertakings. Had the second sentence of this subdivision been intended to have the narrow application for which respondent contends, it would certainly have been a simple matter for the Legislature to substitute for the words "the stay”, the words "any stay secured by an undertaking.” Similarly, had such sentence been intended to apply only to stays obtained without a court order, the insertion of the phrase "provided for in subdivision (a) or subdivision (b)” following the word "stay” would have sufficed to effectuate such purpose.
Although the effect of the second sentence of subdivision (e) upon court ordered stays has not, so far as this court has been able to discern, heretofore been the subject of judicial construction, the Judicial Conference, in its annual report on the CPLR to the 1975 Legislature (NY Legis Doc, 1976, No. 90, p 265) said, in connection with its proposal to add thereto what is now the third sentence of said subdivision: "Currently section 5519(e) provides that upon an affirmance or modification of a judgment or order appealed from, any existing stay continues for a period of five days after service of a copy of the order determining the appeal.”
The words "any existing stay” in the quoted commentary conclusively indicates that the conference has construed the words "the stay”, as used in the first sentence of subdivision (e), as applying, without limitation, to all of the classes of stays referred to in the entire section, including court ordered stays. Moreover, there is existing judicial precedent for such construction (see Tepfer & Sons v Zschaler, NYLJ, April 21, 1966, p 18, col 2 [court ordered stay]). Insofar as the second sentence of subdivision (e) is concerned, however, the only case dealing with it thus far appears to be Ferguson v City of New York (67 Misc 2d 812), where the court held it applicable to a stay arising under paragraph 1 of subdivision (a). Such holding is, of course, a clear rejection of respondent’s argument *1020 that the second sentence applies only in cases where an undertaking is required.
In light of the observations made thus far concerning subdivision (e)’s remedial purpose, its separate placement within the statute, its broad and unqualified language, and its most recent construction by judicial and other authorities, there seems little logic in holding its second sentence inapplicable to court ordered stays. Respondent suggests that to give such provision the meaning its language plainly purports to convey would tend to result in prejudice to many respondents in cases where the terms provided in the original stay required no undertaking, since an automatic continuance of such stay, without time limits fixed by the court for the perfecting of the appellant’s second or subsequent appeals, would open the door to dilatory conduct in the prosecution of such appeals. A sufficient answer to this argument, however, lies in the provisions of subdivision (c) which expressly grants to a reviewing court the power to "vacate, limit or modify any stay imposed by * * * this subdivision.” Thus, in the situation posed, respondent has a readily available remedy by way of an application to the court to which the appeal is taken for an order fixing appropriate conditions or imposing appropriate limitations upon the continuance of the stay. Moreover, the possibility of prejudice is further minimized by the fact that, before the automatic continuance can become operative, the propriety of permitting the initial stay without an undertaking must first have been judicially reviewed either by the first appellate court or the court of original instance. In practical effect, therefore, all that respondent’s construction of subdivision (e) would accomplish would be a shifting from respondent to appellant of the burden of making application to the court for a determination as to the propriety of continuing the stay pending a second or subsequent appeal. Such a consequence, however, hardly justifies what, in this court’s view, amounts to a strained and distorted interpretation of subdivision (e)’s plain import. It should also be added that, under respondent’s construction, in the many cases where there may be no serious objection to a continuance of the stay, cautious appellants’ lawyers would nevertheless feel constrained to make routine and burdensome court applications therefor simply to insure the protection of their clients’ rights. It is thus apparent that, in terms of subserving two of the CPLR’s primary aims, i.e., judicial economy and procedure simplification, petitioner’s construction has much to commend it.
*1021 Upon the foregoing analysis, it is concluded that, in light of the provisions of CPLR 5519 (subd [e]), the appeal taken by petitioner from the Appellate Division order affirming the order of this court had the effect of continuing the stay of arbitration provided for in that court’s order dated August 21, 1975, until the final determination of said appeal; subject, of course, to further order of the Appellate Division or Court of Appeals. Accordingly, the branch of this application relating to such stay is granted to the extent of so declaring and restraining respondent and the American Arbitration Association from taking any steps in furtherance of said arbitration pending the hearing and determination of said appeal or further order of either of said courts.
The branch of this application seeking to punish respondent and the American Arbitration Association for contempt for taking steps in violation of the stay provided for in the August 21, 1975 order of the Appellate Division is denied.
The imposition of civil contempt sanctions "for disobedience to a lawful mandate of the court” (Judiciary Law, § 753, subd A, par 1) is justified only where the acts which the person commanded thereby is required to do or refrain from doing are clearly specified in such mandate. Here, it is obvious from the terms of the order in question that it did not comprehend any extension of the stay beyond the time when the appeal was finally determined by the Appellate Division. Such determination was made on December 16, 1975 and petitioner makes no claim of any violations on or prior to said date. The continuance of the mandate thereafter could not be determined from anything specified in said order, but only through resort to a statute (CPLR 5519, subd [e]), the applicability of which, under the circumstances then extant, had never been the subject of any reported judicial decision. Though petitioner’s claim that the stay had been continued by virtue of the statute and its compliance with the condition prescribed therein (i.e., the taking of its second appeal) was promptly communicated to both the American Arbitration Association and respondent, all of this was clearly extraneous to the terms of the mandate itself. In the indicated circumstances, therefore, it is concluded that there was no deliberate disobedience to a clear and definite mandate of the court and that, consequently, the remedy of civil contempt does not lie.