OPINION OF THE COURT
Gerald Adler, J.
Defendant moves to inspect the Grand Jury minutes and dismiss the indictment on the grounds that the evidence before the Grand Jury was not legally sufficient to support the charges set forth in the indictment, and that the instructions given to the Grand Jury were inadequate.
The defendant has been indicted for criminal possession of stolen property in the first degree (Count No. 1) and failure to maintain records required to be kept by vehicle dismantlers and vehicle rebuilders pursuant to subdivision 5 of section 415-a of the Vehicle and Traffic Law (Count No. 2). It is alleged that "defendant, acting in concert with others, on or about April 13, 1979, in the County of Kings, with intent to benefit themselves or a person other than an owner thereof to impede the recovery by the owner thereof, knowingly possessed stolen property having an aggregate value of more than one thousand five hundred dollars, to wit: a nose clip, two doors and a bumper taken from a 1978 Lincoln Continental”. It is also alleged that defendant, a vehicle dismantler, failed to keep records of parts of vehicles as required by subdivision 5 of section 415-a of the Vehicle and Traffic Law.
The test to be applied on a motion to dismiss an indictment for insufficiency of evidence before the Grand Jury is "whether there has been a 'clear showing’ that the evidence before the Grand Jury if unexplained and uncontradicted would not warrant conviction by a trial jury” (People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573; People v Mayo, 36 NY2d 1002).
The test to be applied on the adequacy of Grand Jury instructions is: "The requirement that petit jury instructions contain an adquate statement of the law to guide the jury’s determinations, applies with equal force to Grand Jury instructions * * * Where the failure to properly instruct the *240 Grand Jury results in prejudice to a defendant, a dismissal of the indictment is required” (People v Calbud, Inc., 66 AD2d 898, 899).
The court has read the Grand Jury minutes and the instructions with respect to Count No. 1 and finds that the evidence was sufficient to sustain that count of the indictment and that the instructions given were sufficient and proper.
With respect to Count No. 2 of the indictment, defendant contends: "The records required to be kept pertained to only those parts for which a certificate of title has been issued by the Commissioner or which should be eligible to have such certificate of title issued. The items of possession herein, of which it is claimed the defendant is guilty of, are not items for which a certificate of title would be issued or would be eligible to be issued by the Commissioner. Therefore, it was not necessary for these items to have been listed as claimed by the police department and arresting officers.”
Subdivision 5 of section 415-a of the Vehicle and Traffic Law states: "Vehicle dismantlers * * * 5. Records. Any records required by this section shall apply only to vehicles or parts of vehicles for which a certificate of title has been issued by the commissioner or which would be eligible to have such a certificate of title issued. Every registrant shall maintain a record of all motor vehicles, trailers, or major component parts thereof, coming into his possession together with a record of the disposition of any such motor vehicle, trailer or parts thereof. Such record shall be maintained in a manner prescribed by the commissioner. In addition, a registrant shall maintain proof of ownership for any motor vehicle, trailer or major component parts thereof while in his possession. Such records shall be made immediately available upon request during usual business hours, to any employee designated by the commissioner and to any police officer. The failure to produce such records as required by this subdivision shall be a class A misdemeanor.”
The court does not agree with defendant’s interpretation of subdivision 5 of section 415-a. Statutes must be construed in the light of the intent of the Legislature (People v Johnson, 12 Misc 2d 25, affd 6 NY2d 549).
McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1, Statutes, §92) states: "a. The primary consideration of the courts in the construction of statutes is to ascertain and to give effect to the intent of the Legislature * * * b. The *241 intention of the Legislature is first to be sought from a literal reading of the act itself, but if the meaning is still not clear the intent may be ascertained from such facts and through such rules as may, in connection with the language, legitimately reveal it.”
The intent of the Legislature must be derived from reading the statute itself, "unless because of ambiguity it is found necessary to resort to extraneous material”. (Matter of Dexter, 11 AD2d 835; Maidman v Roth, 17 Misc 2d 778; Pearl St. Dev. Corp. v Conduit & Foundation Corp., 88 Misc 2d 1015; People v Johnson, supra.)
Since the intent of the Legislature cannot readily be ascertained from a literal reading of the statute the court will resort to extraneous material to determine the legislative intent.
The Department of Motor Vehicle memorandum in support of section 415-a of the Vehicle and Traffic Law (NY Legis Ann, 1973, pp 287, 288) states in part: "In addition to the changes made to the junk and salvage law, a new provision requiring vehicle dismantlers to be registered is enacted. The primary requirement is to provide a system of record keeping so that vehicles can be traced through junk yards and to assure that such junk yards are run by legitimate business men rather than by auto theft rings. The registration fees are nominal and do provide a method by which State, Federal and local police can trace stolen vehicles through junk and salvage processes.” (Emphasis added.)
A reading of the memorandum makes it apparent that it was the intent of the Department of Motor Vehicles in submitting the bill for section 415-a of the Vehicle and Traffic Law to the Legislature, and the Legislature’s intent in enacting the bill was to provide a method by which the police can trace stolen vehicles and their component parts. (See, also, People v Tinneny, 99 Misc 2d 962.)
Defendant interprets subdivision 5 of section 415-a as meaning that vehicle dismantlers are required to keep records only of major component parts of which a certificate of title has been issued. Section 2104 of the Vehicle and Traffic Law and 15 NYCRR Part 20 provide that certificates of title are to be issued for motor vehicles only and not for its component parts. Thus, under defendant’s interpretation no records would have to be kept of vehicle parts since vehicle parts are not eligible for certification of title.
*242 After reading subdivision 5 of section 415-a and after considering the legislative intent of that statute, the court concludes that vehicle dismantlers are required to keep records of major component parts that have been removed from vehicles that have been issued a certificate of title by the commissioner or vehicles that are eligible to have a certificate of title.
Evidence submitted to the Grand Jury indicated that defendant, while working as a vehicle dismantler, had in his possession a nose clip of a 1978 Lincoln Continental. This is a vehicle that was manufactured after January 1, 1973, and therefore, was eligible to have a certificate of title (Vehicle and Traffic Law, §§ 2102, 2104). A nose clip is a major component part of a motor vehicle (15 NYCRR 81.20 [b]).
The evidence further indicates that defendant failed to maintain a record of a nose clip of the 1978 Lincoln Continental.
The court has read the Grand Jury minutes and finds, with respect to Count No. 2, that the evidence was sufficient to sustain that count and the instructions given were sufficient and proper.
Accordingly, the motion to dismiss Counts Nos. 1 and 2 of the indictment is denied.