Denis O ’Leary Cohalan, J.
Two motions are here presented and determined. In the first, petitioner moves under section 964 of the Penal Law to enjoin and restrain the respondent Williams from using the name u Vincent Astor Purchasing *1027 Co.”; in the second, petitioner asks an order directing the respondent Archibald E. Watson, as County Clerk, to cancel and revoke a business certificate filed on behalf of respondent Williams, doing business as “ Vincent Astor Purchasing Co.”
The first motion would ordinarily be presented to Special Term, Part III, of this court, but counsel, by stipulation, agreed that both motions be passed on in this part.
The petitioner is a member of a family which for generations has been prominent in the industrial and social life of this city. Christened “ William Vincent Astor ”, on attaining his majority in 1912, he ceased using the name ‘ ‘ William ’ ’ and became known as “ Vincent Astor ”. In the 35 years since elapsed he has engaged in various business enterprises and now owns and operates the St. Eegis Hotel, various office buildings, apartment houses and other real estate and business enterprises. An affidavit submitted in support of the motions states that his aggregate expenditures for the fixed charges of these various endeavors are between four and five million dollars a year.
The respondent, Vincent A. (Astor) - Williams, is in his late thirties. He has never been known as “ Vincent Astor ”, but states that he is a member of the Astor clan. His business experience and success cannot be compared to that of the petitioner. He has been in the main an employee of others.
On December 5, 1946, he filed the certificate in question. It stated that his business address is 55 West 42nd Street. He advertises that address as being 11 West 42nd Street. The petitioner’s place of business is at 152 West 42nd Street.
The respondent’s claim to the right to use the name “ Vincent Astor ” in connection with the purchasing company is that, he, Williams, has just as much right to drop the last name “ Williams ” and become known as “ Vincent Astor ” as had the petitioner to drop the first name “ William ” and become known as ‘1 Vincent Astor ’ ’.
On the argument of these motions the court suggested that if the respondent Williams desired to drop one of his names for business or social purposes, confusion would be avoided if he dropped either the name “ Vincent ” or the name “ Astor ”, retaining in either instance two names. This he refused to do.
An analysis of section 964 of the Penal Law shows that: “No person * * * shall, with intent to deceive or mislead the public, assume, adopt or use as * * * a * * * assumed or trade name * * * any name * * * which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other, person ”.
*1028 The section further provides a civil remedy for its violation and that: “ if it shall appear to the satisfaction of the court or justice that the defendant [Williams here] is in fact assuming, adopting, or using such name * * * and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued
There is a further provision that this may be done without proof that any person has, in fact, been deceived or misled by such use.
The remedy of injunction given on affidavits is a drastic one and it should not be granted unless the facts are clear. It is obvious that the name ‘ ‘ Astor ’ ’ alone should not receive the protection of an injunction. It is equally obvious that the name ‘1 Vincent ’ ’ alone should not receive such benefit; but it is clear beyond peradventure that the names “Vincent” and ‘ ‘ Astor ’ ’ together, as in “ Vincent Astor ’ ’ have earned a reputation in this community personal to the petitioner and to which he is entitled to protection by injunction.
The public after 35 years of dealing with only one ‘ Vincent Astor ” in various enterprises has a right to protection in this instance. Vincent Williams by his selection of a business office in the immediate neighborhood of ‘ Vincent Astor ’ ’, by his accentuating his first and second names, and his dropping of the other name, must be acting with a desire and an intent to mislead and deceive the public.
The business of purchasing and selling commodities can be and has been successfully conducted by numerous persons under proper and fitting names and can be so conducted by Mr. Williams.
I find it clearly established that the use of the name by Williams may mislead or deceive the public as to his identity and that his use of such name is with intent to mislead or deceive the public and that, therefore, he is violating the statute, and the plaintiff is entitled to injunctive relief.
The motion directed to the County Clerk, governed by subdivision 2 of section 440 of the Penal Law, is likewise granted. The respondent Williams does not come within the exceptions (paragraphs [a], [b] or [c] of the subdivision). The name he selected is not his true or real name. It has no secondary, historical or geographic meaning. He is not the successor in interest to any person heretofore using the name.
The argument by respondent Williams on these motions is a highly technical interpretation of sections 964 and 440. It has no appeal to a court of equity, particularly when the rights of the public are to be considered.
*1029 “ The true object of technical rules is to promote justice or prevent injustice. When they fail of those ends and come to eat like rust into the substance of justice, courts should never encourage nor enforce them.” (People v. Tweed, 5 Hun 353, 358.)
Both motions are granted. Submit orders on notice.