Floyd E. Anderson, J.
This is a motion for an order requiring respondents in the above-entitled action to furnish to the petitioners a verified statement of the affairs of the Shepard Niles Crane & Hoist Corp. without any conditions attached to the verification and for a postponement or adjournment of the annual meeting of the corporation.
The motion for the postponement or adjournment of the annual meeting was denied at the time of argument. Decision on the question of the verified statement of affairs was reserved.
It appears from the papers submitted in connection with the motion that on the 25th day of March, 1960, the petitioners served on the treasurer of Shepard Niles Crane & Hoist Corp. a demand for a statement of affairs of the corporation under oath pursuant to section 77 of the Stock Corporation Law. It, also, appears that a statement of affairs of the corporation as of March 31, 1960 was served on the petitioners on April 26, 1960, under an oath which stated in part as follows: ‘£ That annexed hereto is a statement of the affairs of said corporation as of March 31, 1960 which in deponent’s opinion presents fairly the financial position of said corporation in conformity with generally accepted accounting principles applied on a basis consistent with that made by the independent public accountants of the corporation for the year 1959.”
It appears further that the same statement of affairs was again supplied to the petitioners on May 9,1960 bearing another oath which stated in part as follows: ££ That annexed hereto is a statement of affairs of said corporation as of March 31, 1960; that said statement is true according to the best of the knowledge, information and belief of deponent.”
The petitioners have objected to the form of this oath on the ground that it is a qualified verification. They request that the verification be without qualification. Respondents argue that the verification is sufficient. Neither petitioners nor respondents have cited any authority in support of their respective positions.
Section 77 of the Stock Corporation Law provides that stockholders owning 3% of the shares of a corporation may make a written request to the treasurer of the corporation ‘ ‘ for a statement of its affairs, under oath, embracing a particular account of all its assets and liabilities, and the treasurer shall make such statement and deliver it to the person making the request within thirty days thereafter ’ ’. The section imposes a penalty *487 upon the corporation of $50 for failure to supply a statement within 30 days from the demand and a further penalty of $10 each day thereafter until such statement is furnished.
Interpretations must be reasonable. A court cannot interpret a statute, particularly one that is penal in nature, to require an impossibility. (Astor v. Williams, 1 Misc 2d 1026, affd. 272 App. Div. 1052; Fish Tire Co. v. Lanstrum, 96 Mont. 279 [1934].)
An unqualified verification by the treasurer of a corporation such as Shepard Niles Crane & Hoist Corp. of a statement of affairs embracing a particular account of all the corporation’s assets and liabilities is an impossibility. A corporation is an intangible legal entity which can act only through its officers, employees and agents. (See Stock Corporation Law, § 60.) It is evident from the motion papers submitted by Shepard Niles Crane & Hoist Corp., which contain affidavits by three different corporate officers and an attorney, and from the very fact that the corporation has had sales which have averaged over $6,000,000 a year during the past 20 years and that the corporation has operated through many agents. Some agents obviously made sales; undoubtedly other agents purchased merchandise and other assets either by cash or by incurring indebtedness; undoubtedly other agents performed still different acts on behalf of the corporation. It is obvious that these agents must have then relayed information concerning such transactions to a person or persons who entered the information as received in the various accounts of the corporation. On the basis of these accounts, a statement of affairs was prepared.
Certainly it would be impossible for the treasurer of this corporation who could not have participated in and witnessed every transaction, to make an unqualified verification of the absolute accuracy of such a statement of affairs.
An analogous situation exists under the Tax Law of the State of New York and under the United States Internal Revenue Code. Subdivision 2 of section 211 of the New York State Tax Law, in requiring reports from corporations, provides in part as follows: “Every report shall have annexed thereto a certification by the president, vice-president, treasurer, assistant treasurer, chief accounting officer or any other officer of the taxpayer duly authorized so to act to the effect that the statements contained therein are true.”
In accordance with the statutes, the regulations under article 9-A of the Tax Law likewise require “ a certification” by an officer 11 to the effect that the statements contained in the report are true.” (Art. 510, subd. c; N. Y. Off. Comp, of Codes, Rules *488 & Regulations [12th Supp.], p. 1038.) Forms for the reports are supplied by the State Tax Commission. (Tax Law, § 211, subd. 2; art. 510, subd. d.)
The forms prepared by the State Tax Commission, pursuant to the statute, require the following certification: “ I hereby certify that this report, including accompanying schedules which are made a part thereof, is, to the best of my knowledge and belief, a true, correct and complete report, made in good faith, for the period stated, pursuant to the Tax Law and the regulations issued thereunder.” (Italics added.) (See 1959 New York State Corporate Franchise Tax Reports Forms 3 ACT, 3 CT, and 245 CT.) See, also, Form 63CT, which requires a certification “ that the information submitted above to the best of my knowledge, infprmation and belief is true, correct, complete and made in good faith.” (Italics added.) Form 100 CT, an application for release of tax lien, requires a verification under oath which reads, in part, as follows-: “ That he has read the foregoing application and that the statements contained therein are true to the best of Ms information, knowledge and belief.” (Italics added.) See similarly, the form of certification and verification required on Forms 42 CT and 1003 CT, respectively, the form of reports required from real estate corporations under article 9 of the New York Tax Law.
The United States 1954 Internal Revenue Code (§ 6065, subd. [b]) provides that the Secretary of the Treasury may require that any return ‘ ‘ shall be verified by an oath. ’ ’ Under this section, the Secretary, in issuing Form 1120 (1959) for corporations, required the following verification: “ I declare under the penalties of perjury that this return (including any accompanying schedules and statements) has been examined by me and to the best of my knowledge and belief is a true, correct and complete return. If the return is prepared by a person other than the taxpayer, his declaration is based on all the information relating to the matters required to be reported in the return of which he has knowledge.” (Italics added.)
The New York and Federal statutes referred to above appear to call for unqualified certifications or verifications. Yet, in recognition of the manner in which corporations act, the State of New York and the United States governmental authorities responsible for administering the acts mentioned have construed the acts as requiring only that the certifications or verifications be upon information, knowledge and belief. Section 77 of the Stock Corporation Law should be construed in a similar manner.
*489 It is the opinion of this court that the oath of the treasurer of Shepard Riles Crane & Hoist Corp. is in accordance with the intent of the statute. (See Fisk Tire Co. v. Lanstrum, 96 Mont. 279 [1934].) Motion denied.