William B. Lawless, J.
Allen Carpet Cleaning & Bug Weaving Company, petitioner, seeks to enjoin respondent from doing business as “Allen Rug & Upholstery Cleaners ” pursuant to the civil provisions of section 964 of the Penal Law.
Petitioner was incorporated in 1904 under its present name as successor to a firm established in the City of Buffalo in 1875 by one Alexander Allen under the name “ Allen’s Carpet-Cleaning ”.
Petitioner Allen has continuously operated the business of cleaning and repairing rugs, carpets and other household furnishings in the greater Buffalo area since is founding.
Respondent Antoinette Martzolf appears both individually and as executrix of the estate of her late husband, Allen J. Martzolf, who in 1947 filed a certificate to do business under the assumed name of “ Allen Rug and Upholstery Cleaners ”. Allen J. Martzolf died on July 17, 1959 and his wife and son assumed the operation of his business at that time.
Petitioner contends that it knew of the existence of the defendant operation during the period from 1947 to the time of the death of Allen J. Martzolf but that during said period there was no indication that respondent was attempting to capitalize on the petitioner’s name. Petitioner contends further that on October 16,1960 and thereafter respondent caused to be published in the Sunday edition of the Buffalo Courier-Express, a newspaper widely distributed throughout the area, an advertisement which emphasized the name ‘ ‘ Allen ’ ’ and attempted to capitalize on confusion of identity between the names of the parties. In that advertisement respondent did not set forth any business address but built the ad around its new telephone number. Petitioner contends that on October 17 and October 24, the respondent caused substantially the same advertisement to be published in the Buffalo Evening News, a newspaper widely distributed throughout the area and again attempted to confuse the public and benefit from the established name of the petitioner.
It is also claimed that approximately six years ago respondent’s truck had affixed upon it the word “Allen” in script form, in a manner similar if not identical to petitioner’s use of the word upon its trucks.
'Petitioner further claims that respondent caused to be published an'advertisement in the current New York Telephone Company directory classified section, which again sought to capitalize on its name.
*207 Upon a hearing before this court, the respondent, Antoinette Martzolf, and her son vigorously denied any intent to deceive the public. Mrs. Martzolf claimed that for some time prior to her husband’s death, she had urged an extensive and vigorous advertising promotion; that upon his death she and her son decided to operate the business and that the particular advertisements complained of were ideas of hers designed to promote the business generally. She admitted that she knew of the existence of the petitioner’s business and attempted to explain the fact that no business address was given in various advertisements because she feared customers would deliver rugs to her plant which was inadequate in size to accommodate large quantities of rugs.
This proceeding is brought under section 964 of the Penal Law and that provision provides as folloAVs: “Use of name or address with intent to deceive. No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation with any other person, firm or corporation; nor shall any person, firm or corporation, with like intent, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such person, firm or corporation. A violation of this section shall be a misdemeanor. Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened Adolation Avithout requiring proof that any person has in fact been deceived or misled thereby.”
The Court of Appeals recently considered this section in Matter of Playland Holding Corp. v. Playland Center (1 N Y 2d *208 300 [1956]). Therein, one amusement park attempted to usurp the identity of an existing amusement park. The Court of Appeals held in affirming the Special Term’s order granting the injunction that no material injury need be shown and, holding further that the right to the injunction must be “ established in a clear and convincing manner ’ ’.
In Association of Contr. Plumbers v. Contracting Plumbers Assn. (302 N. Y. 495) the court stated that the right to the injunction may not be defeated by a bare denial of intent to deceive or mislead the public. It is clear that the burden upon the petitioner seems to be something more than a mere preponderance of the evidence, but something less than beyond a reasonable doubt.
From the proof submitted upon the application, this court is convinced that petitioner has established by clear and convincing proof that respondent intended to deceive the public through its advertising media as to its identity. It appears to this court that both the newspaper advertisements and the advertisement published in the telephone directory are pointed at taking advantage of the petitioner’s well-known name in its trade.
It has been held that an individual is not entitled to use his own name as part of a business mark where that use will mislead or misrepresent. (See Sullivan v. Sullivan Radio & T. V., Inc., 1 A D 2d 609; Astor v. Williams, 1 Misc 2d 1026, affd. without opinion 272 App. Div. 1052 [1947]; Platter of Nagel v. Abrams, 133 N. Y. S. 2d 595 [1954]; Montalti v. Montelione, 72 N. Y. S. 2d 879 [1947].)
On the hearing, the court raised the possible question of laches but it is satisfied that the actual intent to deceive did not arise until the change of ownership with the death of Allen J. Martzolf in 1959 and consequently we are not essentially concerned with a period dating back to 1947. We therefore fail to find laches on the part of the petitioner. A mere acquiescence or delay, not amounting to an estoppel, does not balan action equitable in character. (See Columbia Records v. Goody, 278 App. Div. 401; Cohn & Rosenberger v. Kaufman & Ruderman, 280 App. Div. 241.)
For the reasons indicated, we conclude that petitioner is entitled to the relief set forth in the petition except that sought in paragraph sixth of the petition which concerns an injunction against the Telephone Company.