William G. Easton, J.
This is a proceeding under section 964 of the Penal Law to enjoin the respondents from using the name “ Ryan Homes ”, “ Ryan homes ”, “ Ryan ”, or “ Ryan E/M HOMES ”, or any simulation thereof in their advertising, and enjoining and restraining the respondents from using any simulation of the word “ RYAN ” either alone or in conjunction with other words or printing preceding or after it, and enjoining and restraining the respondents from using the name “RYAN” or “RYAN HOMES” as to deceive and mislead the general public as to the identity of respondents or that of the petitioners. Section 964 of the Penal Law provides as follows: “§ 964. Use of name or address with intent to deceive. No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation ; nor shall any person, firm or corporation, with like intent, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such person, firm or corporation. A violation of this section shall be a misdemeanor. Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name *484 may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby. ’ ’ (Added by L. 1937, ch. 638, eft. May 26,1937.)
Although the above is a criminal statute it also provides a civil remedy for actual or threatened violation of its terms. It dispenses with the necessity for a plenary suit and allows a special summary injunction proceeding, in which a determination may be reached on affidavits alone. No material injury need be shown, the statute explicitly allowing the court to grant an injunction without requiring proof that any person has in fact been deceived or mislead. (Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300 [1956].)
Since the proceeding is summary in nature, the right to an injunction must be established in a clear and convincing manner. (Association of Contractor Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495.) This does not mean, however, that the right may be defeated by a bare denial of intent. Extrinsic and objective circumstances may compel a finding of guilty intent and/or of probability of deception. (Matter of Playland Holding Corp. v. Playland Center, supra.)
The petitioners [John H. Ryan and Charles F. Ryan & Son, Inc.] represent the culmination of a long history in the building business associated with the family name “Ryan” and dating back to 1925. All of their operations were more or less confined to the County of Monroe. They have established a name of substance and definitely associated with the construction of higher class homes in this area. Likewise, the respondent “Ryan Homes, Inc.” represents a long period of another family association in the building business with the framework around a family name of ‘ ‘ Ryan ’ ’. This business was commenced in the year of 1937, was a Pennsylvania corporation and had confined its operation in the City of Pittsburgh and the immediate vicinity until the year 1960. The respondent Lancaster Homes, Inc., is simply a 100% owned subsidiary of Ryan Homes, Inc., which was a New York corporation set up by Ryan Homes, Inc., for the purpose of owning land in New York State and constructing houses under the style and name of ‘1 Ryan Homes ’ ’. So that we have the so-called family businesses of long standing, each operating in different States but now very recently one invading the territory of the other. It is the circumstance of a party with a long-standing similar “ name ” background expanding its business into other States and running into another local concern in a foreign State having *485 had and built up a long reputation surrounding the same name.
On the question of intent, in addition to the objective circumstances, it is not denied by the respondents that before coming into Rochester they made a survey in Rochester and the surrounding towns and found that the petitioners were operating in this area with the name “ Ryan ”. Respondents also learned in making the survey that the petitioners were using the trade name “ Homes by Ryan ”. The respondents were also informed that the petitioners on July 13, 1962 had filed an assumed business name certificate in the County Clerk’s office for the names “Homes by Ryan” and “Ryan Homes”. The respondents were also told by the petitioners at a September meeting that the respondents’ intended use of the name “ Ryan ” would mislead the public. In spite of all this the respondents did proceed with extensive advertising using the name ‘ ‘ Homes by Ryan ’ ’ and “Ryan Homes”. In spite of the respondent’s statement that they did not think there would be any deception or any competition, it is evident the respondents knew exactly what they were doing. The court feels that the old maxim ‘ ‘ actions speak louder than words ” is applicable here. The respondents, knowing of petitioner’s alarm and objection, did proceed with this advertising and they are bound to know the result thereof reasonably to be anticipated.
Admittedly, the petitioners and their predecessors have been building somewhat of a more expensive and custom-built house than the respondents. However, the disparity in that respect is not in and of itself enough to prevent confusion or misrepresentation. No doubt people in this vicinity reading the advertising material of the respondents would immediately think of the petitioners. It is the patronage of the stranger which the respondents stand to gain at the petitioner’s expense. Likewise, it has been held that an individual is not even entitled to use his own name as part of a business mark where that use will mislead or misrepresent. (Vincent Astor v. Williams, 1 Misc 2d 1026 [1947], affd. without opinion 272 App. Div. 1052; Albro Metal Prods. Corp. v. Alper, 281 App. Div. 68 [1952]; Sullivan v. Sullivan Radio & T. V., 1 A D 2d 609 [1956]; Matter of Allen Carpet Cleaning & Rug Weaving Co. v. Martzolf, 29 Misc 2d 205 [1961].) This is precisely the situation in the case at bar as the court finds it. The respondent’s activity in the house-building business including extensive advertising has mislead and if allowed to proceed, will in the future be misleading and confusing to the unwary public. The extrinsive and objective circumstances compels this court to find that there is an intent to deceive or mislead the public at least in Monroe County. As was said in the *486 case of Albro Metal Prods. Corp. v. Alper (supra, p. 69): ‘ Although the parties may not be in competition, and we might even accept defendants’ statement that they did not know of plaintiff’s name and business at the time they adopted the name Albro, it is still sufficiently clear upon the facts that confusion is likely and that plaintiff is entitled to the protection of its name against the incursion of defendants (Tiffany & Co. v. Tiffany Productions, 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482; Long’s Hat Stores Corp. v. Long’s Clothes, 224 App. Div. 497; Martha Washington Candies Co. v. Martha Washington Ice Cream Co., 280 App. Div. 256).” So in the case at bar although these parties may not be in actual competition, it is still sufficiently clear upon the facts that confusion is likely and that the petitioners are entitled to a protection of their name against the incursion of the respondents.
The relief sought by the petitioners is hereby granted insofar as outlined in this decision.