■ In the Matter of GLORIA N. ROCCI, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to the Oneida County Surrogate's Court, for further proceedings, all in accordance with the following memorandum: The natural mother of an adopted child brought this proceeding to permit the adoptee or the adoptive parents to have access to certain medical information affecting the adoptee. The petitioner alleges that her father has recently been told that he has diabetes mellitus, which is congenital, and that his children and grandchildren should be examined at regular intervals for the occurrence of this disease. The Surrogate granted the application to the extent of ordering that the medical information be placed in the court's records of the adoption, but he found no authority for conveying the information to the adopted child or the adoptive parents. We disagree. "Medical information of this * * * nature * * * should be freely disclosed". (*Matter of Chattman [Bennett]*, 57 AD2d 618, 619.) Section 114 of the Domestic Relations Law provides that access to the sealed records of an adoption may be granted "on good cause shown and on due notice to the adoptive parents and to such additional persons as the court may direct." There is no requirement in section 114 that the application for access to the records be made by the adoptee or by the adoptive parents, and there is no reason here why the natural mother may not make this application to permit the adoptive parents to have access to the medical information. We therefore remit the matter to the Surrogate to give appropriate notice to the adoptive parents and to thereafter decide the application in the best interests of the adoptee. In giving such notice, the Surrogate should delete therefrom any reference to the names of the natural parents. Likewise, if he decides to release the medical report to the adoptive parents, he should delete from the report all matters that would reveal the identity or whereabouts of the natural parents (see *Matter of Chattman [Bennett]*, 57 AD2d 618, *supra*). (Appeal from order of Oneida Surrogate's Court, Ringrose, J. — adoption — disclosure of medical information.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of MARY E. MEYER, Appellant, v HASIB HUMAYDAN, Respondent. — Order unanimously reversed, with costs, motion denied and petitioner's petition reinstated. Memorandum: Family Court erred in vacating its prior approval of an agreement in which respondent admitted paternity and agreed to pay child support. Since petitioner and her child resided in Fargo, North Dakota, at the time the approval was requested, the notice requirement of subdivision (b) of section 516 of the Family Court Act has no extraterritorial effect (see McKinney's Cons Laws of NY, Book 1, Statutes, § 149). (Appeal from order of Monroe County Family Court, Corbett, J. — paternity agreement.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.