OPINION OF THE COURT
Dan Lamont, J.
Petitioners — claiming that they are the natural parents of • the above-named adoptive child (born Oct. 8, 1968) — make application for an order directing that the sealed records of the adoption proceeding be opened and that they be furnished with a certified copy of the order of adoption.
The petitioners indicate that the adoptive child was born out of wedlock; that petitioners are the natural parents of such child; and that petitioners thereafter married and had another son born December 20, 1983. The petitioners state *570 that they desire to obtain information as to the adoptive identity and location of Robert R. B. "so that he may be aware of the existence of his natural brother * * * and also for the purpose of including said Robert R. B. as a beneficiary of their estate.”
Domestic Relations Law § 114 provides in applicable part as follows: "No person, including the attorney for the adoptive parents shall disclose the surname of the child directly or indirectly to the adoptive parents except upon order of the court. No person shall be allowed access to such sealed records and order and any index thereof except upon an order of a judge or surrogate of the court in which the order was made or of a justice of the supreme court. No order for disclosure or access and inspection shall be granted except on good cause shown and on due notice to the adoptive parents and to such additional persons as the court may direct.” (Emphasis supplied.)
The Court of Appeals has held that the purposes of the sealing requirement are to shield the child from possibly disturbing facts concerning the child’s birth or background and parentage; to prevent the natural parents from locating the child and interfering with the relationship between the child and the adoptive parents; and to protect the identity and privacy of the natural parents (Matter of Linda F. M., 52 NY2d 236, 239 [1981]).
In 1983, the Legislature amended the Public Health Law by creating an adoption information registry, but contained in the statute were carefully constructed safeguards limiting the disclosure of identities only upon the registered consents of the adoptive parents, natural parents, and adoptive child (see, Public Health Law § 4138-b). Thus the Legislature has provided an administrative procedure for disclosure if all interested parties either consent or are deceased.
Domestic Relations Law § 114 expresses a strong public policy of this State to protect the confidentiality of adoption proceedings (see, Matter of Walker, 64 NY2d 354 [1985]). The adoptive child, the adoptive parents, and the natural parents all have an interest in preserving and protecting such confidentiality.
This court holds and determines that the moving papers fail to show sufficient good cause to require this court to unseal the records and to provide notice of this application to the adoptive child and the adoptive parents. "Good cause” admits *571 of no universal, black letter definition, but depends upon the facts of each particular case; however, notice to the adoptive child and adoptive parents need not be given absent a showing of sufficient good cause or entitlement (see, Matter of Linda F. M., supra, at 240, 241).
Accordingly, this court holds and determines based upon the provisions of Domestic Relations Law § 114 and applicable case law relative thereto that the within application should be and the same hereby is denied in all respects.