*746 OPINION OF THE COURT
Joyce L. Sparrow, J.
This court has pending before it a motion by petitioner, a former foster father, to open the adoption matter concerning his former foster child, for the purpose of discovery of supporting records and the docket number of the adoption proceeding. There are two respondents: The petitioner’s former wife who is currently the adoptive mother of the subject child, and the Commissioner of Social Services (hereinafter CWA). The respondent mother, through her attorney, has filed a cross motion for denial of petitioner’s application and seeking costs and/or sanctions against petitioner and his attorney for frivolous conduct. The Commissioner of Social Services, through its attorney, filed an affirmation in opposition to petitioner’s motion. Finally, the petitioner and CWA have filed response papers and oral argument by all attorneys was heard by this court on April 19, 1994.
Petitioner and respondent were married in February 1986. On August 8, 1987, upon the couple’s request, a foster child was placed in their household by CWA, when the child was only 10 days old. It is apparent both the foster mother and foster father loved the child very much and shared parenting responsibilities. In fact, in March 1989, the foster mother and foster father jointly filed an application with CWA for adoption of their foster child.
However, in April 1991, when the child was 3 Vi years old, the couple divorced, and the foster father moved out of the marital home where the foster child and foster mother remained. When the foster parents divorced, their joint adoption application was no longer viable. It is unclear as to what exactly transpired after this time but it seems apparent that both the father and mother expressed interest to CWA in adopting the child as a single parent. Technically, the mother remained the foster parent to the child and the father became a former foster parent and legal stranger. (Matter of Minella v Amhrein, 131 AD2d 578.)
In June 1991, the father petitioned the Family Court for visitation rights with the child but the action was properly dismissed by another Judge of this court for lack of jurisdiction. Apparently, at this time, at the request of the father, CWA, as the legal guardian of the child, asked the mother to allow the father visitation. The mother complied. The father did visit and continued to have a relationship with the child *747 until February 1993, when this court granted a single parent adoption to the foster mother of the subject child. At that point, the mother, now the legal guardian, stopped allowing any visitation.
Legally, the former foster father had no right to intervene in the adoption proceeding brought by the mother. If every former foster parent were allowed to intervene in adoption proceedings, the sheer number of people involved would be excessive and untenable. This right simply does not exist in the law. (Matter of Anonymous, 77 Misc 2d 950; Matter of Ida Christina L., 133 Misc 2d 191.) Furthermore, even though the petitioner had an intimate and ongoing relationship with the child, the New York Court of Appeals has ruled that legal strangers do not have rights to visitation. (Matter of Ronald FF. v Cindy GG., 70 NY2d 141; Matter of Alison D. v Virginia M., 77 NY2d 651.)
The only adoption petition ever presented to this court, concerning these parties, was the one filed by the mother and supported by CWA. The subsequent adoption granted to the mother by this court was valid and proper in all respects. There were no misrepresentations or fraudulent material contained in the file.
The law of New York clearly recognizes a very strong public policy against disclosure of information contained in properly granted and sealed adoption cases. A sense of permanency for the child is highly valued by New York State. (Matter of Walker, 64 NY2d 354; Golan v Wise Servs., 69 NY2d 343.) There has been no evidence presented to this court to justify disturbing this adoption by allowing discovery or revealing the docket number. (Matter of Linda F. M. v Department of Health, 52 NY2d 236; Matter of Robert R. B., 147 Misc 2d 569.)
The Family Court is a court of limited jurisdiction. It does not possess equity jurisdiction and is bound by statutes and case law only. (Matter of Borkowski v Borkowski, 38 AD2d 752; Matter of Redinger, 107 Misc 2d 368.) If the petitioner feels aggrieved by CWA, he should seek or should have sought relief in a proper forum. (People v Nassau County Dept. of Social Servs., 46 NY2d 382.)
Even though petitioner’s motion cannot be granted, this court does not find the actions of the father or his attorney frivolous. Petitioner believed he had a legitimate claim. However, there is nothing currently in this court’s jurisdiction to remedy it.
*748 Accordingly, petitioner’s motion for discovery and the release of the docket number of the adoption file is denied. Respondent’s cross motion for costs and sanctions is denied as well.