OPINION OF THE COURT
Renee R. Roth, S.
Incident to this adoption proceeding involving a life couple of the same sex, the court must consider whether the best interest of the adoptive infant requires the appointment of a guardian ad litem.
*67 In the past, with such adoptions in this court, a guardian ad litem was invariably appointed to represent the infant. This procedure, however, was not followed in adoptions by married couples or by single persons except where the matter was contested or the report of the social worker or other special circumstances raised a concern with respect to whether the proposed adoption was in the infant’s best interest. The perceived need for the added protection provided by an investigation by a guardian ad litem in adoptions by same sex couples resulted from their novelty and the uncertainty surrounding their inclusion in this State’s statutory scheme of adoption.
These concerns were put to rest by the Court of Appeals in Matter of Dana (86 NY2d 651) which construed the relevant statutes as allowing adoptions by same sex and heterosexual unmarried couples. Our highest Court further observed that as in all adoptions the test is whether the result furthers the best interests of the adoptive child.
In the instant case, petitioner’s companion of eight years gave birth to the infant on March 29, 1995 after having been artificially inseminated. As mentioned earlier, if petitioner were married to the mother and all statutory requirements were met, including a favorable report from a disinterested social worker (Domestic Relations Law § 112 [7]), no guardian ad litem would be appointed. This court can discern no reason to treat the instant application any differently. To hold otherwise could well constitute a denial of equal protection under Federal and State Constitutions.
Accordingly, no guardian ad litem shall be appointed in this proceeding or in any like proceeding unless special circumstances warrant further scrutiny.