[719 NYS2d 311]

In the Matter of Baby Boy SS. Rosemarie TT., Appellant.

Third Department, January 4, 2001

APPEARANCES OF COUNSEL

*Robert C. Kilmer,* Binghamton, for appellant.

## OPINION OF THE COURT

SPAIN, J.

Petitioner commenced this proceeding requesting Family Court, pursuant to Domestic Relations Law § 114 (4), to unseal the adoption records of a child she released for adoption in 1978 for the purpose of communicating medical information to the child. The petition and supporting medical affidavits suggest that the child's health could benefit from learning about his biological parents' predisposition to alcoholism, degenerative arthritis, stroke, cancer and heart disease—each of which are significant, but treatable and potentially preventable conditions with close monitoring and early detection. On its own motion, Family Court dismissed the petition on the ground that Domestic Relations Law § 114 (4) only contemplates disclosure of sealed adoption records on the application of the adopted child. On petitioner's appeal, we now reverse.

As with any case of statutory interpretation, we begin our analysis with the language of the statute (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 583). Domestic Relations Law § 114 permits disclosure or access to sealed adoption records upon a showing of good cause (*see,* Domestic Relations Law § 114 [2]) and further states that "[c]ertification from a physician licensed to practice medicine in the state of New York that relief under this subdivision is required to address a serious physical or mental illness shall be prima facie evidence of good cause" (Domestic Relations Law § 114 [4]). The literal language of the statute places no express restrictions on who may petition the court for such disclosure. However, after indicating that a court hearing a petition under this subdivision shall appoint a guardian ad litem or other disinterested person to review the adoption records, the statute states that "[t]he guardian or other disinterested person shall offer a biological parent the option of disclosing the medical information sought by the petitioner pursuant to this subdivision, as well as the option of granting consent to examine the parent's medical records" (Domestic Relations Law § 114 [4]). This language could be read to suggest that the biological parent is not a contemplated petitioner.

We decline, however, to read such a restriction into the statute. Prior to the addition of subdivision (4) to Domestic Relations Law § 114 in 1994 (*see,* L 1994, ch 601), biological parents

enjoyed the right to petition for the unsealing of adoption records for medical reasons. In *Matter of Rocci* (96 AD2d 743), the Fourth Department expressly held that "[t]here is no requirement in section 114 that the application for access to the [adoption] records be made by the adoptee or by the adoptive parents, and there is no reason here why the [biological] mother may not make this application to permit the adoptive parents to have access to the medical information" (*id.*, at 743; *see, Matter of Robert R. B.*, 147 Misc 2d 569, 569-571). Nothing in the legislative history surrounding the amendment adding subdivision (4) (*see*, L 1994, ch 601) suggests an intention to alter that right. Indeed, petitioner's reading of the statute furthers one of the purposes of subdivision (4), i.e., to "build[ ] on existing concepts of good cause for opening adoption records to establish a mechanism to make it easier for adoptees and adoptive parents to learn medical information to address serious physical and mental illnesses" (Governor's Mem approving L 1994, ch 610, 1994 NY Legis Ann, at 428; *see*, Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 114, at 159 [stating that the "petitioner would *most likely* be the adopted child or, if not, the physician treating the adoptive child, or a close relative (parent or spouse)" (emphasis supplied)]).

We note that the statute affords Family Court wide discretion to protect the privacy of the parties involved, such as conveying the necessary medical information to the adoptive parents through an intermediary without disclosing the identity of the parties (*see, e.g., Matter of Rocci, supra*). In this case, moreover, there is no indication that the petition was motivated by any purpose other than the child's well-being.

CREW III, J. P., MUGGLIN, ROSE and LAHTINEN, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.