OPINION OF THE COURT
Kristin Booth Glen, S.
At the call of the calendar on March 23, 2007 in this proceeding to vacate the adoption of John Doe (JD), the court denied the motion of respondent ERJ to allow Eileen .Caulfield Schwab, guardian ad litem (GAL) for JD, to participate in a trial on foreign law. What follows constitutes the court’s opinion on that motion.[1]
Background
On April 12, 2006, without opposition, ERJ readopted JD, a Cambodian orphan, in this court. Subsequently, on August 1, 2006, LMB, with whom she had a prior relationship, moved to vacate the adoption on the grounds that he was entitled to notice as the “father” listed on one of JD’s birth certificates, and that he had a parental relationship with JD based on a Cambodian adoption he had previously procured.
In the early stages of the case it appeared that the parties might attain a mutually acceptable outcome, and the court appointed a GAL to assist in that process, including gathering information about both parties and the child.[2] These efforts proved unavailing and, after extensive motion practice, the court ordered a trial[3] on disputed issues of Cambodian law: whether Cambodia grants full and final adoptions, or only permission for foreigners to adopt in their home countries, and/or whether *1019 LMB’s failure to comply with certain provisions of Cambodian law invalidated the adoption certificate he received. Respondent and the GAL argued that the latter should fully participate in that trial; petitioner opposed on the grounds that such participation was unnecessary and would lead only to further expense and delay. For the reasons stated below, the court finds that the GAL’s participation was neither legally required nor necessary to a full and fair determination of the disputed issues of foreign law.
Discussion
Respondent argues that a GAL is required, and thus that the GAL’s participation in all aspects of the proceeding — including the trial on foreign law — was necessary. In so contending, respondent relies upon SCPA 402 and 403[4] and a decision of the Cattaraugus County Surrogate’s Court, Matter of X (84 Misc 2d 770 [Sur Ct, Cattaraugus County 1975]). Her reliance is misplaced, and fundamentally confuses the necessity of GALs where infants are parties to a proceeding with those in which they are the subjects of a proceeding. (Cf. Matter of Scott L. v Bruce N., 134 Misc 2d 240, 242 n 2 [Fam Ct, NY County 1986] [noting, without deciding, the distinction between child as subject and child with party status].)[5]
Infants (or children) in adoption proceedings, like children in custody disputes, are the subjects of those proceedings and, as such, are not considered necessary parties under article VII of the Domestic Relations Law. Accordingly, with one exception not relevant here,[6] the provisions of the Domestic Relations Law that govern adoptions do not contemplate the role of a *1020 GAL in those proceedings, much less mandate their appointment.[7]
The role of infants in adoption proceedings can be contrasted with their role in other familial proceedings in this court. For example, in probate and accounting proceedings, necessary parties are statutorily enumerated (under SCPA 1403 and 2210, respectively) by reference to their interests in the proceeding, and, in the event an infant is a necessary party, SCPA 402 mandates that a GAL be appointed to represent his or her interest; a failure to do so results in a jurisdictional defect that cannot be remedied.[8] This jurisdictional concept is embodied in SCPA 406, which provides: “Whenever a guardian ad litem shall be appointed for a person under disability . . . the proceeding shall be binding upon such person to the same extent as if such person was under no disability.”
As the above comparison demonstrates, New York law implicitly distinguishes between what may best be described as “jurisdictional” GALs, on the one hand, and “parens patriae” GALs, on the other. The former, to which both SCPA 402 and 403 and CPLR 1201 refer, are statutorily mandated representatives for persons “under disability” over whom jurisdiction must — and could not otherwise be — obtained.[9] In the CPLR context,[10] GALs are most often appointed so that a plaintiff can effectively sue an “infant” defendant[11] and obtain a judgment that is binding. (See CPLR 1203; Siegel, NY Prac § 199, at 327 [4th ed 2005].) In the context of the SCPA, the purpose is essentially the same: to permit an infant who is a necessary party *1021 to “appear”[12] in the proceeding so as to effect a binding judgment in the probate, accounting and affiliated proceedings that are the primary work of the Surrogate’s Court.[13]
The second, quite different category of GAL, found in courts across the country, “serves at the statutory or common law discretion of the judge to play an intermediate (and often indeterminate) role by ferreting out information, gathering evidence, and making recommendations that are intended to protect and foster the best interest of the children”[14] (Prescott, The Guardian Ad Litem, in Custody and Conflict Cases: Investigator, Champion and Referee?, 22 U Ark Little Rock L Rev 529, 557 [2000], citing Short v Short, 730 F Supp 1037, 1039 [D Colo 1990]).
There is no statutory authority in New York for the appointment of GALs to protect the interests of nonparty infants in a proceeding; rather, as in similar jurisdictions, appointing authority for so called parens patriae GALs derives from the common law (Stuckey at 1793-1794, citing 2 Frederick Pollock and Frederic W Maitland, The History of English Law, at 436-447 [2d ed 1952]), and in particular from the parens patriae powers of the court. .(See Custer, The Origins of the Doctrine of Parens Patriae, 27 Emory LJ 195, 204-205 [1978] [the judiciary’s jurisdiction over the care of infants and its rights to exercise parens patriae power on behalf of the King did not become entrenched until the eighteenth century]; Stuckey at 1794 n 28.) New York *1022 courts have utilized this power in cases where the interests of children who are the subject of disputes (usually custody disputes arising out of divorce) cannot be adequately protected by their parents, whether because of conflict of interest or otherwise, or where independent investigation can assist a court in making a best interests determination. (See Braiman v Braiman, 44 NY2d 584, 591 [1978].)[15]
The distinction between jurisdictional and parens patriae GALs accounts for the general practice in this court in which GALs are only infrequently appointed in adoption proceedings. (See Matter of J., 168 Misc 2d 66 [Sur Ct, NY County 1996] [court declined to appoint GAL in second parent adoption, observing that GAL appointments in adoption proceedings commenced by married couples or single parents were made only in exceptional circumstances].) However, where the appearance of the birth parent of a prospective adoptive child is required (Domestic Relations Law § 115 [3]) and that parent is herself an infant, appointment of a jurisdictional GAL is required (Matter of X, 84 Misc 2d 770 [Sur Ct, Cattaraugus County 1975]).[16] That case, relied upon by respondent here, is entirely distinguishable insofar as the necessity of a GAL derived from the fact that the birth parent was a necessary party to the proceeding whose consent to the adoption was required. And while the court determined that failure to appoint a GAL for the biological mother would be a jurisdictional defect under SCPA 402, no such GAL was appointed for the subject of the proceeding, the adopted infant.
To the extent that Matter of X suggests a broader rationale— the need of “a 14-year-old infant mother [for] counsel and guidance on the legal aspects of an issue as important as the adoption of her baby” (84 Misc 2d at 773) — the Court of Appeals has made clear that appointment of a GAL for the infant *1023 mother is not mandatory for such purpose. (Matter of T. W. C., 38 NY2d 128, 129 [1975] [irrevocable consent to adopt which was executed by an infant natural mother whose appearance was not required — who did not appear and for whom a GAL had not been appointed — held valid in the absence of duress].)
In sum, there is not, and has never been, a jurisdictional necessity for the appointment of GALs for infants who are the subject of adoption proceedings. The appointment of a “parens patriae” GAL to protect such infants’ “best interests” is entirely discretionary.[17] And, just as appointment of the GAL in service of the court’s parens patriae power is discretionary, so too is the duration of the appointment and the purpose for which it is made. (See e.g. Matter of Fischer, NYLJ, June 11, 1998, at 29, col 5 [Sur Ct, NY County]; Matter of Brannick, NYU, Feb. 26, 1998, at 31, col 1 [Sur Ct, NY County]; see also 22 NYCRR 36.1 [a] [2].) Thus, a parens patriae GAL need not participate in all portions of a proceeding in which she has been appointed.
As stated above, the purpose for appointment in this case was to assist the court in obtaining relevant information at a time when the parties’ options included a solution short of full-scale litigation. As the case developed into one that was aggressively litigated, the necessity for the GAL’s assistance became less critical. When the issue became solely a question of foreign law, there was no need for participation by the GAL, as the opposing parties were fully capable of presenting all evidence necessary to that purely legal — as opposed to factual or “best interests”— determination.
Moreover, there was no basis to justify the substantial additional expense of participation by the GAL. Prior to commencement of the trial, she had already submitted an interim application for fees in excess of $85,000. Preparation for, and participation in, an 11-day trial,[18] as well as in post-trial briefing, would have multiplied that amount many times. The ability *1024 of one or both parties to pay any fees incurred[19] does not negate the court’s obligation to guard against unnecessary expense;[20] this is especially true where, as here, the GAL offered no specialized legal knowledge or expertise on the particular issues of foreign law to be adjudicated.
As a result, respondent’s application seeking the GAL’s participation in the trial on Cambodian law was properly denied.[21]

. Respondent did not seek to pursue an immediate appeal of the court’s decision, and the written opinion was held in abeyance pending the lengthy opinion of the court after trial.

. While the appointing order, dated August 7, 2006, did not limit her duties as GAL, the court conducted several conferences subsequent to her appointment to make clear its expectation that the GAL would meet with both sides and the child.

. ERJ’s motion to close the trial and seal the transcripts was denied in a decision dated March 26, 2007 (Matter of Doe, 16 Misc 3d 714 [Sur Ct, NY County 2007]). This decision is not subject to sealing because, as discussed in that decision, it contains no information protected by Domestic Relations Law § 114.

. SCPA 403 (2) provides that
“[a] person under disability who does not appear by his guardian . . . shall except as otherwise expressly provided appear by a guardian ad litem appointed by the court . . . whenever such person is a necessary party or for other reason the court deems it necessary to appoint a guardian ad litem to protect the interests of such party.”
An infant is considered a “person under disability” (see SCPA 103 [40]; and see Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 402).

. See Ducote, Guardians Ad Litem in Private Custody Litigation: The Case for Abolition (3 Loy J Pub Int L 106, 107-108 [2002] [distinguishing the role of the guardian ad litem in a private custody proceeding from a subsequent child protective proceeding in juvenile court “where (the child) was an actual party”]).

. In proceedings to unseal adoption records, a court is required to appoint a guardian ad litem or other disinterested person to review the records. (Do *1020 mestic Relations Law § 114 [4]; Matter of Baby Boy SS., 276 AD2d 226, 227 [3d Dept 2001].)

. Adoption is, as has often been noted, entirely a creature of statute, and as such must be strictly construed. (Matter of Robert Paul P., 63 NY2d 233, 238 [1984].)

. SCPA 403 (3) creates certain exceptions to this mandate dispensing with the appointment of a GAL, for instance, when a person under disability receives a bequest under an instrument offered for probate that is greater than or equal to such person’s intestate share.

. The only difference is the SCPA’s requirement that a GAL be an attorney. (Compare SCPA 404, with CPLR 1202.)

. CPLR 1201 provides: “Unless the court appoints a guardian ad litem, an infant shall appear by the guardian of his property or, if there is no such guardian, by a parent having legal custody” (emphasis added).

. Plaintiffs may also be infants, incapable of appearing on their own. The statute permits them to be represented by their parents as guardians, by property guardians, or, if neither are available, by a GAL appointed by the court in the particular litigation. (See e.g. Note, Parties and Pleading Under the CPLR: Infants and Incompetents, 31 Brooklyn L Rev 98, 103 [1964].)

. SCPA 402 (2) reads, “A person under disability shall appear by a guardian ad litem . . . .” (Emphasis added.)

. The SCPA was written to deal with “laws relating to estates and their administration, the descent and distribution of property, and the practice and procedure relating thereto.” (Mem of Comm on Law of Estates on the Surrogate’s Court Procedure Act, reprinted in McKinney’s Cons Laws of NY, Book 58A, SCPA, at XIX.) As the procedural statute governing Surrogate’s Court practice, however, it also applies to cases unrelated to trust and estates that the legislature has placed under the jurisdiction of our state’s Surrogate’s Courts, including the guardianship of children’s property (SCPA art 17) and mentally retarded and developmentally disabled persons (SCPA art 17-A), as well as property guardianships for adult incapacitated persons (Mental Hygiene Law art 81).

. The often ill-defined, and frequently contradictory, roles assigned to such GALs have been the object of much criticism. (See e.g. Stuckey, Guardians Ad Litem as Surrogate Parents: Implications for Role Definition and Confidentiality, 64 Fordham L Rev 1785 [1996]; Landsman and Minow, Note, Lawyering for the Child: Principles of Representation in Custody and Visitation Disputes Arising From Divorce, 87 Yale LJ 1126, 1142-1153 [1978], cited in Bluntt v O’Connor, 291 AD2d 106, 117 [4th Dept 2002] [discussing different roles performed by GALs].)

. While statutory authority for the appointment of parens patriae GALs in New York can also be found in SCPA 403 (2), that statute contemplates appointment of a GAL for a disabled person who is a necessary party to — as opposed to the subject of — the proceeding. The statute not only mandates that a GAL be appointed whenever a person under disability is a “necessary party” and has not otherwise “appeared” in a proceeding, it also authorizes the court to make such an appointment if “for other reason the court deems it necessary to appoint a guardian ad litem to protect the interests of such party” (id.).

. The court noted that appointment of a GAL is mandatory under CPLR 1201 in “the prosecution and defense of negligence actions, in real property transactions, in probate proceedings [and] in actions concerning commercial enterprises” (id. at 772).

. The nonmandatory nature of the appointment is demonstrated by one of New York’s famous adoption cases, Matter of Martz (102 Misc 2d 102 [Fam Ct, Ulster County 1979], affd sub nom. Matter of Jessica XX, 77 AD2d 381 [3d Dept 1980], affd 54 NY2d 417 [1981], affd sub nom. Lehr v Robertson, 463 US 248 [1983] [deciding equal protection and due process claims of putative father]). An examination of the opinions of all courts in that case, through the United States Supreme Court, indicates no GAL appearing for the infant who was the subject of the adoption proceeding.

. Given the many delays caused by translation problems, participation by additional counsel would undoubtedly have lengthened the trial, perhaps considerably.

. Respondent Offered to pay the GAL’s fee in its entirety.

. No determination has yet been made as to the amount or apportionment of the fees to be awarded the GAL.

. The court need not and does not here address petitioner’s claims that the GAL exhibited inappropriate partisanship toward respondent.